960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Greg OLIVER, Plaintiff-Appellant, Kate Oliver, Plaintiff,
v.
Deputy Warden POGATS, et al., Defendants-Appellees.
 No. 91-1717.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1992.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Greg Oliver appeals the district court's judgment granting the defendants' motion for summary judgment in this 42 U.S.C. § 1983 prisoner civil rights action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Oliver claimed that the defendants, who are various State Prison of Southern Michigan prison officials and a prison physician, violated his and his wife's constitutional rights when he was strip searched. Oliver's wife was visiting him at the prison when officials removed him from the visiting room and strip searched him. Nothing was found, so he was taken to Duane Waters Hospital where medical staff conducted a body cavity search. Medical staff reported that Oliver had a foreign object in his rectum. He was kept in an isolation cell until the next day. Oliver also claimed that the corrections officers diligently observed subsequent visits between him and his wife. Allegedly, he was not allowed to touch his wife, and she was searched prior to the visits. Oliver requested damages and injunctive relief.
 
 
 3
 After reviewing the magistrate judge's report and recommendation, the district court granted the defendants' motion for summary judgment. The court decided that Oliver had no standing to sue on behalf of his wife, and that his constitutional rights were not violated as the search was conducted in a reasonable manner. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 4
 Oliver raises the same argument on appeal. In addition, he argues that the district court abused its discretion by assessing costs against him.
 
 
 5
 As an initial matter, we recognize this appeal as brought only by plaintiff Greg Oliver as he was the only party who signed the notice of appeal. See e.g. Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988); Minority Employees of the Tenn. Dep't of Employ. Sec., Inc. v. Tennessee, 901 F.2d 1327, 1331-36 (6th Cir.) (en banc), cert. denied, 111 S.Ct. 210 (1990). Furthermore, Oliver does not have standing to sue on his wife's behalf for alleged violations of her constitutional rights. See Haskell v. Washington Township, 864 F.2d 1266, 1275-76 (6th Cir.1988).
 
 
 6
 Upon consideration, we conclude that the district court correctly granted summary judgment for the defendants. Accordingly, for the reasons stated in the magistrate judge's report and recommendation entered March 21, 1991, as adopted by the district court, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. In addition, the order imposing costs pursuant to Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir.1991) is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.